**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WESCO INSURANCE COMPANY, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. _____ |
| v. : | |
| : | |
| : | |
| GREAT NORTHERN INSURANCE : | |
| COMPANY : | |
| Defendant. : | |

## <u>NOTICE OF REMOVAL</u>

Pursuant to Sections 1332, 1441, and 1446 of Title 28 of the United States Code,

Defendant Great Northern Insurance Company ("GNIC"), by and through its counsel,

hereby gives notice of the removal of this action from the Supreme Court of the State of

New York, County of New York, to the United States District Court for the Southern District

of New York, and as grounds for removal, state as follows:

1.      On or about March 18, 2025, Plaintiff, Wesco Insurance Company

("Plaintiff"), instituted litigation by filing a Complaint for breach of contract against GNIC in

the Supreme Court of the State of New York, New York County, Index No. 651490/2025.

A copy of the Complaint is attached hereto as **Exhibit A**, as required by 28 U.S.C. §

1446(a).

2.      Plaintiff seeks a judgment declaring that GNIC defend and indemnify the

former's insured, Palm Realty Company, for the underlying personal injury action

captioned *Hwang v. Woori America Bank et al.*, New York County Supreme Court, Index

No. 718738/2021 ("Underlying Action"). **Exhibit A**.

**3.**    In the Underlying Action, the plaintiff seeks special damages against the defendants, including Palm Realty Company, in excess of $450,000. See, Supplemental Verified Bill of Particulars. **Exhibit B**, Paragraph 17**.**

4.    Accordingly, the amount in controversy is in excess of $75,000, exclusive of interest and costs.

5.    The basis for federal court jurisdiction is diversity of citizenship, 28 U.S.C. § 1332, which provides, in relevant part, that federal district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Southern District of New York is the district that embraces New York County.

7.    Section 1446(b)(1) of the U.S. Code provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

8.    This Notice of Removal is timely in that it was filed within 30 days from the point at which these GNIC had notice that the action was removable, and less than a year after the commencement of the state court action. 28 U.S.C. §§ 1446(b)(1), -(c)(1).

9.      Upon information and belief, Plaintiff is domiciled in Delaware and maintains a principal place of business in Ohio.

10.     GNIC is and was at the time the Complaint was filed a company organized under the laws of the Indiana and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is New Jersey.

11.     Pursuant to 28 U.S.C. § 1446(a), GNIC has attached copies of all process, pleadings, and orders served on it.

12.     A copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, New York County, and is being served on counsel of record, in compliance with 28 U.S.C. § 1446(a), (d). *See* Notice of Filing of Removal attached hereto as **Exhibit C**.

13.     Removal of Plaintiff's action to the United States District Court for the Southern District of New York is permitted under the circumstances because the only defendant is a citizen of a different state than Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs.

WHEREFORE, Defendant, Great Northern Insurance Company, respectfully removes this action to the United States District Court for the Southern District of New York for further proceedings pursuant to this Notice.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Michael S. Savett
MICHAEL S. SAVETT, ESQ.
Attorney Bar Code: MS6520
305 Broadway, Suite 700
New York, NY 10007
msavett@butler.legal
*Attorneys for Defendant, Great Northern Insurance Company*

Dated: May 1, 2025