# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
WESCO INSURANCE COMPANY,

                    Plaintiff,

- against -

GREAT NORTHERN INSURANCE COMPANY,

                    Defendant.
-----------------------------------------------------------------x

Index No.:

**COMPLAINT**

        Plaintiff Wesco Insurance Company ("Wesco"), by its attorneys, Gunnercooke US LLP, as and for its complaint against defendant Great Northern Insurance Company ("Great Northern"), respectfully alleges, upon information and belief:

        1.     Wesco is a foreign corporation authorized to issue certain policies of insurance in the State of New York.

        2.     Great Northern is a foreign corporation authorized to issue certain policies of insurance in the State of New York.

        3.     At all times relevant herein, Palm Realty Company ("Palm") owned the premises located at 164-25 Northern Boulevard, Flushing, New York ("the Premises").

        4.     At all times relevant herein, Palm leased certain space in the Premises ("the Leased Premises") to Woori America Bank. ("Woori").

        5.     Keechung Hwang ("Hwang") sued Palm and Woori in an action captioned *Keechung Hwang v. Woori America Bank, et al.*, in the Supreme Court of the State of New York, Queens County, Index No. 718738/2021 ("the Underlying Action").

6. In the Underlying Action, Hwang seeks damages for injuries she allegedly sustained on February 6, 2021, as she was trying to open the door to the Leased Premises, due to Palm and/or Woori's alleged negligence.

7. Great Northern issued to Woori, as the occupant of certain premises, including the Leased Premises, an insurance policy numbered 3606-57-85 EUC, effective October 29, 2020, to October 29, 2021, providing commercial general liability coverage subject to the policy's terms and conditions ("the Great Northern Policy").

8. The Great Northern Policy includes a provision covering "[p]ersons or organizations from whom you [Woori] lease premises . . . with respect to the ownership, maintenance or use of that particular part of such premises leased to you and only if they are contractually obligated to provide them with such insurance as is afforded by this contract."

9. The lease for the Leased Premises requires Woori to include Palm as an additional insured under its commercial general liability insurance policy.

10. Wesco issued an insurance policy to Palm, as the Premises owner, bearing policy number WPP1482375 04, effective September 21, 2020, to September 21, 2021, providing commercial general liability coverage subject to the policy's terms and conditions ("the Wesco Policy").

11. Wesco, through its agents, has demanded that Great Northern defend and indemnify Palm in the Underlying Action as an additional insured under the Great Northern Policy.

12. Great Northern has not agreed to defend or indemnify Palm in the Underlying Action.

2

13. Wesco has defended Palm to date in the Underlying Action due to Great Northern's failure to do so.

### As and for a First Cause of Action

14. Wesco repeats all previous allegations made herein.

15. Palm and/or Wesco have complied with all conditions precedent to coverage for Palm under the Great Northern Policy.

16. The Underlying Action complaint's allegations raise the possibility that Palm's liability, if any, will be with respect to the ownership, maintenance or use of the Leased Premises.

17. Wesco is thus entitled to a judgment declaring that Great Northern has a duty to defend Palm in the Underlying Action as an additional insured under the Great Northern Policy.

### As and for a Second Cause of Action

18. Wesco repeats all previous allegations made herein.

19. Any liability Palm may incur in the Underlying Action will be with respect to the ownership, maintenance or use of the Leased Premises.

20. Wesco is thus entitled to a judgment declaring that Great Northern has a duty to indemnify Palm in the Underlying Action as an additional insured under the Great Northern Policy.

### As and for a Third Cause of Action

21. Wesco repeats all previous allegations made herein.

22. The coverage provided to Palm under the Wesco Policy is excess to the coverage provided it under the Great Northern Policy as respects the Underlying Action based on the policies' respective "other insurance" clauses.

23. Wesco is therefore entitled to a declaratory judgment to that effect and to recover from Great Northern, as Great Northern's implied indemnitee through their relative mutual obligations to Palm, all amounts it has incurred and will incur defending and, if necessary, indemnifying Palm in the Underlying Action.

**WHEREFORE**, Wesco demands that the Court issue a judgment against Great Northern:

1. declaring that Great Northern has a duty to defend Palm in the Underlying Action;

2. declaring that Great Northern has a duty to indemnify Palm in the Underlying Action;

3. declaring that Palm's coverage under the Wesco Policy is excess to its coverage under the Great Northern Policy as respects the Underlying Action;

4. awarding Wesco all amounts it has incurred and will incur defending and, if necessary, indemnifying Palm in the Underlying Action, plus statutory interest; and

5. granting such other relief as the Court deems proper.

Dated:   New York, New York
         March 18, 2025

                                        GUNNERCOOKE US LLP

                                        _____
                                        Max W. Gershweir, Esq.

Attorneys for Plaintiff
475 Park Avenue South – 23rd Floor
New York, New York 10016
646.440.8375

5